Antoinette H. COUGHLIN, Plaintiff,

v.

ST. JAMES MEDICAL CENTER, et al., Defendants.

No. 89 C 7362.

United States District Court, N.D. Illinois, E.D.

Aug. 13, 1992.

James Patrick Daley, Jeffrey A. Blevins, Stanley J. Garber, Bell, Boyd & Lloyd, Chicago, Ill., for plaintiff.

James Stephen Poor, Denise M. Grayson, William Price Schurgin, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Plaintiff, Antoinette H. Coughlin, has filed a motion for reconsideration of this court's order of July 8, 1992, granting defendant's motion for summary judgment on plaintiff's age discrimination and relinquishing jurisdiction over the pendent state law breach of contract claim. Plaintiff has also filed a motion for leave to file a memorandum in support of her motion for reconsideration. The motion for leave to file a memorandum in support of the motion for reconsideration will be considered first.

█ Plaintiff in her motion for leave to file a memorandum in support of her motion for reconsideration states:

> 1. The grounds underlying Plaintiff's Motion for reconsideration required further elaboration than was possible and appropriate in the Motion itself.
> ....
> 3. The memorandum is ... important in fully informing the Court of the bases for Plaintiff's motion for reconsideration.

The Federal Rules of Civil Procedure provide that motions "shall state with particularity the grounds therefor, and shall set forth the relief or order sought." FRCP 7(b)(1). The rules of this court likewise provide that "All motions shall state with particularity the grounds therefor and the relief requested." U.S. Dist. Ct., N.D.Ill., G.R. 12(c). Therefore, plaintiff's motion for reconsideration should include all of the grounds on which it is based. Moreover, with exceptions not applicable to plaintiff's motion to reconsider, this court's rules do not provide for the briefing of motions as a matter of right. Instead, the rules provide, "The court *may* set a briefing schedule." U.S.Dist.Ct., N.D.Ill., G.R. 12(*o*) (emphasis added). Cf. U.S.Dist.Ct., N.D.Ill., G.R. 12(m), (n). This discretion allows the court to rule on motions without briefing when the court believes that briefing is unnecessary for it to decide the motion. Therefore, proceeding as plaintiff has in this instance carries with it the danger that the court will not permit the filing of a memorandum and so will not consider all of the bases on which a movant bases her motion.

█ Although the court believes that the motion to reconsider could be ruled on without any briefing, the court will nonetheless in this instance permit plaintiff to file her memorandum. Considering both the motion for reconsideration and the memorandum, the court will deny the motion for reconsideration.

ORDERED: Plaintiff Antoinette H. Coughlin's motion for leave to file a memorandum in support of plaintiff's motion for reconsideration is granted. Plaintiff's motion for reconsideration of this court's order of July 8, 1992, is denied.